■ CARTER FINANCIAL CORPORATION, Respondent, v ATLANTIC MEDICAL MANAGEMENT, L. L. C., et al., Appellants. (And Another Action.) [691 NYS2d 529] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 20, 1999, which, in an action to recover placement fees and profit interests that plaintiff allegedly earned while acting as a placement agent for defendant investment fund and its principals, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint on the ground of illegality, unanimously affirmed, with costs.

The defense of illegality, based on plaintiff's failure to register as a broker-dealer in violation of Securities Exchange Act of 1934 § 15 (a) (1) (15 USC § 78o [a] [1]), was properly rejected on the ground that it was not raised within three years after the violation or one year after its discovery (Securities Exchange Act of 1934 § 29 [b] [15 USC § 78cc (b)]). There is no merit to defendants' argument that the defense is saved by CPLR 203 (d). Since defendants' right to assert plaintiff's nonregistration is a creation of the very statute placing a time limit on the assertion of that right, the time limit must be regarded " 'as a matter of substance, limiting the right as well as the remedy' ", and not as a Statute of Limitations (*Romano v Romano*, 19 NY2d 444, 448; *Singer v Eli Lilly & Co.*, 153 AD2d 210, 214). Accordingly, CPLR 203 (d), which deals only with Statutes of Limitation and not matters of substance, is inapplicable (*see, Kaplan v State of New York*, 152 AD2d 417, 418). We have considered defendants' other arguments, including that section 29 (b) applies only to actions and not defenses, and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Rubin and Andrias, JJ.