■ CITY OF NEW YORK, Appellant, v PAERDEGAT BOAT & RACQUET CLUB, INC., et al., Respondents, et al., Defendants. [721 NYS2d 800] —In an action, *inter alia*, to recover damages for trespass to real property, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Garry, J.), dated January 10, 2000, as, upon the granting of the respondents' motion pursuant to CPLR 4401 made at the close of the plaintiff's case to dismiss the complaint insofar as asserted against them, dismissed three of the causes of action asserted in the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A defendant's motion for judgment on the ground that the

plaintiff failed to make out a prima facie case may be granted "only if there is no rational process by which the jury could find for the plaintiff as against the moving defendant" (*Hylick v Halweil,* 112 AD2d 400). Further, "the plaintiff's evidence must be accepted as true, and [the] plaintiff must be given the benefit of every favorable inference which can reasonably be drawn from that evidence" (*Hylick v Halweil, supra,* at 400). The plaintiff (hereinafter the City), failed to meet its prima facie burden of proving that it owned the property in question, an essential element of both common-law trespass and violation of RPAPL 861, two of its three causes of action at issue on the appeal. The City similarly failed to meet its prima facie burden with respect to the third cause of action to recover damages for common-law public nuisance. Accordingly, the trial court properly dismissed the three causes of action.

The City does not challenge the dismissal of the remaining four causes of action (*see, Ciesinski v Town of Aurora,* 202 AD2d 984).

In view of the foregoing, we need not reach the City's remaining contentions. O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.