■ KENNETH MAZUR, Respondent, v MATTHEW J. MAZUR et al., Appellants. [732 NYS2d 204] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained when he slipped and fell on defendants' driveway. Supreme Court did not abuse its discretion in denying defendants' motion to bifurcate the trial. As a general rule, "[i]ssues of liability and damages in a negligence action are distinct and severable issues that should be tried and determined separately unless plaintiff's injuries have an important bearing on the issue of liability" (*Hrusa v Bogdan,* 278 AD2d 947; *see, Guizzotti v English,* 273 AD2d 932; *Stevens v Dorsaneo,* 267 AD2d 997). Although plaintiff did not establish that his injuries are probative of defendants' negligence, plaintiff established that bifurcation would not "assist in a clarification or simplification of issues

and a fair and more expeditious resolution of the action" (22 NYCRR 202.42 [a]). Plaintiff established that the liability issue in this case is uncomplicated and that a trial on both liability and damages would be brief. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Bifurcate Trial.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.