■ SCOTT UNGER, Respondent, v THEODORE LEVITON, Appellant. [811 NYS2d 691]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated October 1, 2003, which denied his motion for leave to amend his answer.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that he entered into a partnership agreement (hereinafter the agreement) with the defendant, pursuant to which, inter alia, the defendant would obtain a mortgage on certain real property, as the purchaser thereof, and the plaintiff would manage the property. The parties agreed that upon the sale of the property by the partnership, the profits from the sale would be divided equally. The defendant allegedly sold the property but did not share any of the proceeds with the plaintiff. The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. The defendant, in his answer, denied the material allegations in the complaint and raised six affirmative defenses. The defendant subsequently moved for leave to amend his answer to raise a seventh affirma-

tive defense based upon illegality and unclean hands. The Supreme Court denied the motion. We affirm.

Leave to amend pleadings is generally freely given unless the proposed amendment will prejudice or surprise the opposing party, or the proposed amendment is patently insufficient or devoid of merit (*see* CPLR 3025 [b]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340 [2005]; *Crespo v Pucciarelli*, 21 AD3d 1048 [2005]). The defendant's proposed amendment to his answer, to assert an affirmative defense based upon illegality and unclean hands was patently insufficient and devoid of merit. The defendant's allegations regarding the plaintiff's illegal acts and unclean hands pertain to certain actions taken in connection with a mortgage transaction with a nonparty bank. The proposed amendment neither alleged the illegality of the parties' agreement that is the subject of this action (*see First Family Mtge. Corp. of Fla. v Lubliner*, 113 AD2d 868 [1985]), nor contended that the defendant sustained any injury as a result of the plaintiff's alleged unclean hands (*see Fade v Pugliani/Fade*, 8 AD3d 612, 614 [2004]; *Kopsidas v Krokos*, 294 AD2d 406 [2002]; *Brown v Lockwood*, 76 AD2d 721, 729 [1980]). Therefore, the Supreme Court properly denied the motion.

The defendant's remaining contentions are either without merit or need not be reached in light of our determination. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.