■ PHILLIP KUSLANSKY, Respondent, v KUSLANSKY, ROBBINS, STECHEL AND CUNNINGHAM, LLP, Appellant, et al., Defendants. [858 NYS2d 212]—In an action, inter alia, to recover damages for breach of contract, the defendant Kuslansky, Robbins, Stechel and Cunningham, LLP, appeals, (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered November 15, 2006, as denied that branch of its motion which was for leave to amend its answer to assert an affirmative defense and counterclaim for fraudulent inducement, and (2), as limited by its notice of appeal and brief, from so much of an order of the same court entered March 28, 2007, as, upon reargument, adhered to the original determination in the order entered November 15, 2006.

Ordered that the appeal from the order dated entered November 15, 2006 is dismissed, as that order was superseded by the order entered March 28, 2007, made upon reargument; and it is further,

Ordered that the order entered March 28, 2007 is affirmed insofar as appealed from, with costs.

Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]). However, "a court need not grant leave to amend a pleading where the proposed amendment is palpably without merit" (*Thone v Crown Equip. Corp.*, 27 AD3d 723, 724 [2006]). Here, the Supreme Court properly denied the appellant's motion for leave to amend its answer to assert an affirmative defense and counterclaim for fraudulent inducement, as the appellant failed to establish the materiality of the plaintiff's alleged misrepresentation. Furthermore, the counterclaim is untimely since, as of the date that the action was commenced

(*see* CPLR 203 [d]), the counterclaim was barred by the applicable limitations period, i.e., the longer of six years from the alleged fraud, or two years from when the fraud reasonably could have been discovered (*see* CPLR 213 [8]; 203 [g]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.