SECOND DEPARTMENT, OCTOBER, 2010

(October 5, 2010)

ANDREW BARRETT, Respondent, v STEVEN FREIFELD et al., Defendants, and BERNARD CHIPETINE et al., Appellants. [908 NYS2d 736]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendants Bernard Chipetine and Chipetine, Neu & Silverman, LLP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered November 4, 2009, as denied their cross motion for summary judgment dismissing the second amended complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendants Bernard Chipetine and Chipetine, Neu & Silverman, LLP, for summary judgment dismissing the second amended complaint insofar as asserted against them is granted.

In carefully circumscribed instances, accountants may be liable in negligence to third parties who rely on their work, even in the absence of contractual privity, provided the accountants were aware that the financial reports were to be used for a particular purpose or purposes, in the furtherance of which a known party or parties was intended to rely, and there was some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance (*see Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 702 [1992]; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *Barrett v Freifeld*, 64 AD3d 736, 738 [2009]). Here, the defendants Bernard Chipetine and Chipetine, Neu & Silverman, LLP (hereinafter together the appellants), established their prima facie entitlement to judgment as a matter of law. Under the circumstances of this case, the evidence of "linking conduct," a single phone call made by the plaintiff's accountant to the appellants, was insufficient as a matter of law to establish that the appellants owed the plaintiff a duty (*see Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d at 704-705). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the appellants were entitled to summary judgment dismissing the cause of action alleging negligence insofar as asserted against them.

In order to establish accounting fraud, the plaintiff must show representation of material fact, falsity, scienter, reliance, and damages (*see Barrett v Freifeld*, 64 AD3d at 738). Since the fraud claim at issue here is based on an omission or concealment of material fact, the plaintiff must also demonstrate that the appellants had a duty to disclose material information and failed to do so (*id.*). A duty to disclose may arise where there is

a fiduciary or confidential relationship, or one party's superior knowledge of essential facts renders nondisclosure inherently unfair (*id.*). With respect to the alleged failure to disclose that the appellants and the defendant Steven Freifeld had made certain investments together unrelated to the pharmacy business Freifeld sold to the plaintiff, the appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that there was no duty to disclose this information (*see Manti's Transp., Inc. v C.T. Lines, Inc.*, 68 AD3d 937, 940 [2009]). With respect to the appellants' alleged failure to disclose, in the financial documents they had prepared for Freifeld, that Freifeld had been arrested for involvement in a scheme to purchase and sell expired, counterfeit, and stolen medicine, the appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that Freifeld's arrest was a matter of public record which could have been discovered through the exercise of ordinary diligence and, thus, the plaintiff did not justifiably rely on the appellants to disclose that information (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Red Apple Group*, 273 AD2d 140, 141 [2000]; *Auchincloss v Allen*, 211 AD2d 417 [1995]). In opposition to these showings, the plaintiff failed to raise a triable issue of fact. Accordingly, the appellants were entitled to summary judgment dismissing the cause of action alleging fraud insofar as asserted against them.

The parties' remaining contentions have been rendered academic or are without merit. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.