■ DENNIS BERNARDI et al., Appellants, v MARIA R. SPYRATOS et al., Respondents. (Action No. 1.) DENNIS BERNARDI et al., Appellants, v GEORGE HARRISON et al., Respondents. (Action No. 2.) [912 NYS2d 627]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property (action No. 1), and a related action, inter alia, to recover damages for legal malpractice and fraudulent misrepresentation (action No. 2), the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated August 14, 2009, which denied their motion, inter alia, for summary judgment on the complaints in both actions, to dismiss the defendants' affirmative defenses in both actions, for leave to amend the complaint in action No. 2, and for preliminary injunctive relief, and denied their separate motion, inter alia, for summary judgment directing the defendants in action No. 1 to remove any encroachments on the subject property.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the third cause of action in action No. 2 insofar as asserted against the defendant George Harrison to the extent of recovering a $500 credit, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for leave to amend the complaint in action No. 2, and substituting therefor a provi-

sion granting that branch of the motion as to all but paragraph 106 of the proposed amended complaint, and otherwise denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs own residential property in Freeport, which they purchased from the defendant George Harrison in January 2003. The waterfront property contains a one-family house and a bulkhead. The plaintiffs were represented in the transaction by the defendant Mary Wilcox and her law firm, the defendant Wilson & Scelsi (hereinafter together the Wilcox defendants). The defendants Maria Spyratos (hereinafter Maria) and Anthony Spyratos (hereinafter together the Spyratos defendants) owned the property to the north from 1971 to 1972, when it was transferred solely to Maria.

After the plaintiffs purchased their property, a boundary dispute with the Spyratos defendants developed. New surveys revealed certain encroachments onto the plaintiffs' property. The plaintiffs also allegedly discovered numerous problems with the condition of the property not revealed in the inspection conducted previous to sale, including a deteriorated bulkhead and water damage to the home.

The plaintiffs commenced action No. 1 against the Spyratos defendants, seeking a determination that the area in dispute belongs to them, injunctive relief directing removal of the encroachments, and to recover damages, inter alia, for trespass, nuisance, and intentional and negligent infliction of emotional distress. The Spyratos defendants asserted affirmative defenses and a counterclaim in that action, alleging that they acquired title to the disputed areas by adverse possession. The plaintiffs' motion for preliminary injunctive relief was denied by order dated March 16, 2006, and they failed to perfect their appeal from that order.

Meanwhile, the plaintiffs commenced action No. 2 against the Wilcox defendants, Harrison, and the title company. The action was subsequently discontinued as to the title company. The first two causes of action in action No. 2 allege that Harrison deliberately and actively concealed, and made fraudulent misrepresentations as to, certain defects in the condition of the premises and the existence of adverse claims. The third cause of action seeks to recover damages pursuant to Real Property Law § 462 for Harrison's failure to provide a property condition disclosure statement. The plaintiffs further allege that the Wilcox defendants committed legal malpractice by, among other things, failing to advise them to obtain an updated survey prior to purchase. In their answer, the Wilcox defendants asserted eight affirmative defenses.

The two actions were joined for trial, but not consolidated. Thereafter, all parties moved for summary judgment. The plaintiffs further moved to dismiss all affirmative defenses of each defendant and for leave to amend the complaint in action No. 2, and sought preliminary injunctive relief against the Spyratos defendants. The Supreme Court denied all of the motions. The plaintiffs appeal.

With regard to the plaintiffs' claims against Harrison, we note that "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (*Platzman v Morris*, 283 AD2d 561, 562 [2001]; *see Commander Terms., LLC v Commander Oil Corp.*, 71 AD3d 623 [2010]). Recovery for active concealment requires a showing that the seller thwarted the plaintiff's efforts to fulfill the responsibilities fixed by the doctrine of caveat emptor (*see Daly v Kochanowicz*, 67 AD3d 78, 92 [2009]; *London v Courduff*, 141 AD2d 803 [1988]).

To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Jablonski v Rapalje*, 14 AD3d 484, 487 [2005]). In Harrison's deposition testimony, submitted by the plaintiffs in support of their motion, Harrison denied any knowledge of the alleged defects or any attempt to conceal them, denied making the alleged representations to the plaintiffs, and denied stopping the plaintiffs' inspector from fully inspecting the premises. Accordingly, the plaintiffs' own submissions raised triable issues of fact as to whether Harrison actively concealed known defects or fraudulently misrepresented the condition of the premises. The plaintiffs therefore failed to meet their initial burden on their motion, and that branch of their motion which was for summary judgment on the first two causes of action in the second action was properly denied (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiffs' third cause of action in the second action seeks to recover damages for Harrison's failure to provide a property condition disclosure statement pursuant to Real Property Law § 462. It is undisputed that the disclosure statement was not provided. The applicable remedy was, therefore, a $500 credit to

be received at closing (*see* Real Property Law § 465 [1]; *Bishop v Graziano*, 10 Misc 3d 342, 345 [2005]). Accordingly, the plaintiffs are entitled to damages in the amount of $500, for the credit they failed to receive at closing, and the Supreme Court should have awarded the plaintiffs summary judgment against Harrison on that cause of action for that amount.

In order to recover damages against the Wilcox defendants for legal malpractice, the plaintiffs must show (1) that the Wilcox defendants failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, and (2) that such negligence was a proximate cause of the actual damages sustained (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]). Here, the plaintiffs submitted the deposition testimony of Wilcox, in which she repeatedly testified that she advised the plaintiffs of the possibility of obtaining an updated survey, which they refused to obtain. Accordingly, the plaintiffs failed to meet their initial burden of establishing an absence of triable issues of fact as to the alleged malpractice. Moreover, given that the underlying boundary dispute has not yet been resolved, the plaintiffs failed to establish causation or damages as a matter of law (*id.*; *see Northrop v Thorsen*, 46 AD3d 780, 782 [2007]). Accordingly, that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the Wilcox defendants was properly denied (*see generally Zuckerman v City of New York*, 49 NY2d at 562).

However, the Supreme Court should have granted the plaintiffs leave to amend the complaint in action No. 2 to assert a claim against the Wilcox defendants based upon their alleged failure to explain or delete certain clauses in the contract of sale. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220 [2008]; *Unger v Leviton*, 25 AD3d 689 [2006]). Here, there will be no prejudice or surprise to the Wilcox defendants by virtue of the amendment. They were aware of the plaintiffs' allegations against Harrison concerning the condition of the premises, and Wilcox was extensively questioned during her deposition about her advice to the plaintiffs concerning the relevant clauses. Further, the allegation is not patently nonmeritorious. However, the plaintiffs' proposed allegation against the Wilcox defendants in paragraph 106 of the proposed amended complaint, concerning the property condition disclosure statement, is patently without merit and was properly disallowed, as

the Wilcox defendants were not the owners of the subject property (*see* Real Property Law § 465 [1]).

Most of the causes of action asserted against the Spyratos defendants in action No. 1 require a showing that the plaintiffs own the disputed land (*see e.g. City of New York v Paerdegat Boat & Racquet Club*, 281 AD2d 506 [2001] [trespass]; *Donnelly v Nicotra*, 55 AD3d 868 [2008] [nuisance]; RPAPL article 15 [declaratory relief]). However, the Spyratos defendants asserted affirmative defenses and a counterclaim, alleging that they obtained title to the disputed areas through adverse possession. To obtain title to a parcel through adverse possession on a claim not based upon a written instrument, in accordance with the law in effect at the time this action was commenced (*see* RPAPL former 522; *cf.* L 2008, ch 269, § 5, as amended; *Walsh v Ellis*, 64 AD3d 702 [2009]), a party must show that the parcel was "usually cultivated or improved" or was "protected by a substantial inclosure" (RPAPL former 522 [1], [2]). Additionally, the party must satisfy the common-law requirement of demonstrating, by clear and convincing evidence, that the possession of the parcel was (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (*see Belotti v Bickhardt*, 228 NY 296, 302 [1920]; *Walsh v Ellis*, 64 AD3d 702 [2009]; CPLR 212 [a]).

Here, the plaintiffs failed to meet their burden of demonstrating an absence of triable issues of fact as to whether the Spyratos defendants acquired title to the disputed areas via adverse possession (*see Parillo v Prunier*, 257 AD2d 807 [1999]; *Birnbaum v Brody*, 156 AD2d 408 [1989]; *cf.* RPAPL 543). Likewise, the plaintiffs failed to demonstrate an absence of triable issues of fact on the remaining causes of action to recover damages for intentional or negligent infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Daluise v Sottile*, 40 AD3d 801, 803 [2007]). Accordingly, the Supreme Court properly denied those branches of the plaintiffs' two motions which were for summary judgment on the complaint insofar as asserted against the Spyratos defendants in action No. 1 and to dismiss their affirmative defenses (*see generally Zuckerman v City of New York*, 49 NY2d at 562).

We decline to address the plaintiffs' request for preliminary injunctive relief against the Spyratos defendants since the plaintiffs failed to perfect an appeal from the order dated March 16, 2006, denying such relief (*see Bray v Cox*, 38 NY2d 350 [1976]). That branch of the plaintiffs' motion which was to dismiss all affirmative defenses of all of the defendants was

properly denied as overly vague, since they did not specify the basis for the dismissal.

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Roman, JJ., concur.