■ ADRIANA BITTER et al., Appellants, v LOUIS N. RENZO et al., Respondents, et al., Defendants. [955 NYS2d 332]—

The duty owed by an accountant to a client is generally not fiduciary in nature (*Able Energy, Inc. v Marcum & Kliegman LLP*, 69 AD3d 443, 444 [1st Dept 2010]; *DG Liquidation v Anchin, Block & Anchin*, 300 AD2d 70, 70-71 [1st Dept 2002]). Nor does a conventional business relationship, without more, create a fiduciary relationship (*Friedman v Anderson*, 23 AD3d 163, 166 [1st Dept 2005]).

Here, plaintiffs alleged only that Raich agreed to provide accounting and consulting services for Scalamandre, the company in which plaintiffs held a financial interest, and its board of directors. This does not suffice to allege that Raich owed plaintiffs a fiduciary duty. In light of the insufficient allegations of any fiduciary duty owed by Raich, the trial court also correctly dismissed the claim of aiding and abetting a breach of fiduciary duty (*see Kaufman v Cohen*, 307 AD2d 113, 125 [1st Dept 2003]).

To the extent that plaintiffs argue on appeal that defendant Raich owed plaintiffs a fiduciary duty, not as an accountant or advisor, but as a "business broker," our review of the record reveals that this theory of liability was not articulated in the complaint or in plaintiffs' papers opposing dismissal. Accordingly, we decline to consider this claim (*see Sonnenschein v Douglas Elliman-Gibbons & Ives*, 96 NY2d 369, 376-377 [2001]; *Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1st Dept 1988]). Concur—Andrias, J.P., Friedman, DeGrasse and Manzanet-Daniels, JJ.