■ LAWRENCE A. OBSTFELD et al., Respondents, v THERMO NITON ANALYZERS, LLC, et al., Appellants. [969 NYS2d 516]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated July 25, 2011, as granted those branches of the plaintiffs' motion which were to strike the ninth affirmative defense and to dismiss the first counterclaim in the defendants' answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for breach of contract. The defendants interposed numerous affirmative defenses and two counterclaims. At issue on this appeal are the defendants' ninth affirmative defense and first counterclaim, both of which seek rescission of the contract based upon an alleged violation of section 15 (a) of the Securities and Exchange Act of 1934 (hereinafter the Act) (15 USC § 78o [a]). The Supreme Court granted those branches of the plaintiffs' motion which were to strike the ninth affirmative defense and dismiss the first counterclaim as time-barred.

Contrary to the plaintiffs' contention, an implied private right of action exists pursuant to section 29 (b) of the Act to rescind a contract made in violation of section 15 (a) of the Act (*see* 15 USC § 78cc [b]; *Lampf, Pleva, Lipkind, Prupis & Petigrow v Gilbertson*, 501 US 350, 358 [1991]; *Mills v Electric Auto-Lite Co.*, 396 US 375, 388-389 [1970]; *Regional Props., Inc. v Financial & Real Estate Consulting Co.*, 678 F2d 552, 557-558 [1982]; *Weiss v Altholtz*, 2011 WL 4538459, *2, 2011 US Dist LEXIS 111461, *5 [2011]; *Celsion Corp. v Stearns Mgt. Corp.*, 157 F Supp 2d 942, 946 [2001]). However, the Supreme Court

properly determined that the defendants' ninth affirmative defense and first counterclaim were untimely.

The one-year statute of limitations and three-year statute of repose of section 29 (b) of the Act apply to implied causes of action to rescind a contract for violation of section 15 (a), whether asserted in a complaint or as a counterclaim or defense (*see Lampf, Pleva, Lipkind, Prupis & Petigrow v Gilbertson*, 501 US at 359; *Carter Fin. Corp. v Atlantic Med. Mgt.*, 262 AD2d 178 [1999]; *Weiss v Altholtz*, 2011 WL 4538459, *2, 2011 US Dist LEXIS 111461, *5; *Celsion Corp. v Stearns Mgt. Corp.*, 157 F Supp 2d at 947). The three-year period specified in section 29 (b) is a statute of repose, which "envelop[s] both the right and the remedy" (*Tanges v Heidelberg N. Am.*, 93 NY2d 48, 56 [1999]; *see Beach v Ocwen Fed. Bank*, 523 US 410, 416 [1998]; *Lampf, Pleva, Lipkind, Prupis & Petigrow v Gilbertson*, 501 US at 363). "The repose period serves as an absolute barrier that prevents a . . . right of action" (*Tanges v Heidelberg N. Am.*, 93 NY2d at 55). Accordingly, CPLR 203 (d) cannot serve to extend a claim for rescission of a contract pursuant to section 29 (b) of the Act (*see Carter Fin. Corp. v Atlantic Med. Mgt.*, 262 AD2d 178 [1999]; *Bankers Trust v McFarland*, 192 Misc 2d 328, 334 [2002]). As the defendants' ninth affirmative defense and first counterclaim were interposed more than three years after the alleged violation, the Supreme Court properly granted those branches of the plaintiffs' motion which were to strike the ninth affirmative defense and dismiss the first counterclaim as time-barred (*see* 15 USC § 78cc [b]; *Carter Fin. Corp. v Atlantic Med. Mgt.*, 262 AD2d 178 [1999]).

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.