■ Marcum, LLP, Formerly Known as Marcum & Kliegman, LLP, Respondent, v Jerry Silva et al., Appellants. [986 NYS2d 508]—

In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), dated September 12, 2012, as denied those branches of their separate cross motions which were pursuant to CPLR 3025 (b) for leave to amend their answers to assert proposed counterclaims and the first through sixth, eighth, and ninth proposed affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' separate cross motions which were for leave to amend their answers to assert the fourth, eighth, and ninth proposed affirmative defenses, and substituting therefor a provision granting those branches of the cross motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Lucido v Mancuso*, 49 AD3d 220 [2008]). The determination to permit or deny amendment is committed to the sound discretion of the trial court (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]).

Here, the Supreme Court properly determined that the first proposed counterclaim and the first two proposed affirmative defenses, premised on the plaintiff's alleged violation of section 15 (a) of the Securities Exchange Act of 1934 (15 USC § 78*o* [a]), were time-barred (*see Obstfeld v Thermo Niton Analyzers, LLC*, 108 AD3d 658 [2013]; *Carter Fin. Corp. v Atlantic Med. Mgt.*, 262 AD2d 178 [1999]). Further, the proposed counterclaims sounding in fraud and negligent misrepresentation failed to sufficiently plead the required element of justifiable reliance (*see Nigro v Lee*, 63 AD3d 1490 [2009]; *Sitar v Sitar*, 61 AD3d 739 [2009]), or that the plaintiff was under a duty to disclose its registration status (*see Bitter v Renzo*, 101 AD3d 465 [2012]; *Barrett v Freifeld*, 77 AD3d 600 [2010]). The proposed unjust enrichment counterclaim was also based upon the plaintiff's allegedly wrongful failure to disclose its registration status, and likewise failed to sufficiently plead that the plaintiff was under a duty to disclose its status (*see Bitter v Renzo*, 101 AD3d 465 [2012]; *Barrett v Freifeld*, 77 AD3d 600 [2010]). The proposed counterclaim alleging breach of fiduciary duty failed to sufficiently plead the existence of a fiduciary relationship during the relevant period of time (*see Bitter v Renzo*, 101 AD3d 465 [2012]; *Staffenberg v Fairfield Pagma Assoc., L.P.*, 95 AD3d 873 [2012]). Accordingly, the Supreme Court properly determined that the proposed counterclaims and the first two proposed affirmative defenses were palpably insufficient or patently devoid of merit, and leave to amend the answers to assert them was properly denied (*see Blinds To Go [US], Inc. v Times Plaza Dev., L.P.*, 111 AD3d 776 [2013]).

Further, the Supreme Court properly determined that the proposed third, fifth, and sixth affirmative defenses were palpably insufficient or patently devoid of merit. A novation requires a valid new contract (*see Old Oak Realty v Polimeni*, 232 AD2d 536 [1996]; *Wasserstrom v Interstate Litho Corp.*, 114 AD2d 952 [1985]). Thus, the proposed third affirmative defense, which alleged the existence of a novation that was barred by the statute of frauds, asserts a legal impossibility, since if the existence of a novation is established, it removes the case from the defense of the statute of frauds (*see Town & Country Linoleum & Carpet Co. v Welch*, 56 AD2d 708 [1977]). The defendants failed to sufficiently plead the required elements of estoppel (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106-107 [2006]), or of accord and satisfaction (*see Profex, Inc. v Town of Fishkill*, 65 AD3d 678 [2009]). The defendants' attempt to supplement their allegations of estoppel for the first time in their reply brief on appeal is improper (*see Matter of Smith v Smith*, 104 AD3d 860 [2013]; *Disunno v WRH*

*Props., LLC*, 97 AD3d 780 [2012]). Accordingly, the Supreme Court properly denied leave to amend the answers to assert these proposed affirmative defenses (*see Blinds To Go [US], Inc. v Times Plaza Dev., L.P.*, 111 AD3d 776 [2013]).

However, the Supreme Court should have granted leave to amend the answers to assert the proposed fourth affirmative defense, which alleged waiver, and the proposed eighth and ninth affirmative defenses, which alleged the failure of a condition precedent. Waiver "requires no more than the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *see Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]). The defendants sufficiently alleged that the plaintiff waived its entitlement to the remaining contract sum by entering into a second agreement. The proposed affirmative defenses asserting the failure of a condition precedent concern the terms of the alleged oral agreements, and set forth allegations based on factual matters that are not palpably insufficient or patently devoid of merit. As the plaintiff would not be prejudiced or surprised by the assertion of these proposed affirmative defenses, leave to amend the answers to assert them should have been granted (*see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d at 688).

The defendants have abandoned any contentions regarding their proposed seventh affirmative defense by failing to address it in their brief (*see Nassau Point Prop. Owners Assn., Inc. v Tirado*, 29 AD3d 754, 757 [2006]). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.