■ WILLIAM REESE, Respondent, v JAHAN CONTRACTING, Appellant. [993 NYS2d 151]—

In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated June 13, 2013, as denied its cross motion pursuant to CPLR 3025 (b) for leave to amend its answer to assert proposed affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for leave to amend its answer to assert the proposed fifteenth affirmative defense, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1047 [2010]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]). The first 14 proposed affirmative defenses were palpably insufficient or patently devoid of merit (*see Marcum, LLP v Silva*, 117 AD3d 917 [2014]; *Ferriola v DiMarzio*, 83 AD3d 657, 658 [2011]; *Kuslansky v Kuslansky, Robbins, Stechel & Cunningham, LLP*, 50 AD3d 1101 [2008]; *Unger v Leviton*, 25 AD3d 689 [2006]).

However, the Supreme Court should have granted that branch of the defendant's motion which was for leave to amend the answer to assert the proposed fifteenth affirmative defense, which, in effect, asserted that the complaint failed to allege facts sufficient to sustain a demand for punitive damages (*see Shovak v Long Is. Commercial Bank*, 50 AD3d 1118, 1121 [2008]; *Johnson v Allstate Ins. Co.*, 33 AD3d 665, 666 [2006]). As the plaintiff would not be prejudiced or surprised by the assertion of this proposed affirmative defense, and it is not palpably insufficient or patently devoid of merit, leave to amend the answer to assert it should have been granted (*see* CPLR 3025 [b]; *Bernardi v Spyratos*, 79 AD3d at 688). Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.