Gurewitz v City of New York (2019 NY Slip Op 06383)





Gurewitz v City of New York


2019 NY Slip Op 06383


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-11740
 (Index No. 103198/12)

[*1]Jennifer Gurewitz, et al., plaintiffs-appellants,
v
City of New York, et al., defendants third-party plaintiffs-respondents-appellants, Conti of New York, LLC, defendant third-party plaintiff-respondent, HAKS Group, Inc., defendant-respondent; NASDI, LLC, third-party defendant-respondent.


Fortunato & Fortunato, PLLC, Brooklyn, NY (Louis A. Badolato of counsel), for plaintiffs-appellants.
Wood Smith Henning & Berman LLP, New York, NY (Nancy Quinn Koba of counsel), for defendants third-party plaintiffs-respondents-appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Sean M. Prendergast of counsel), for defendant third-party plaintiff-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third-party defendant-respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants third-party plaintiffs City of New York and New York City Department of Transportation cross-appeal, from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated November 9, 2016. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to bifurcate the trial and direct a separate damages trial for each of the three actions that were previously consolidated. The order, insofar as cross-appealed from, denied the cross motion of the defendants third-party plaintiffs City of New York and New York City Department of Transportation for leave to amend their answer to assert cross claims against the defendant third-party plaintiff Conti of New York, LLC.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants third-party plaintiffs appearing separately and filing separate briefs and the third-party defendant, payable by the plaintiffs, and one bill of costs to the defendant third-party plaintiff Conti of New York, LLC, payable by the defendants third-party plaintiffs City of New York and New York City Department of Transportation.
On January 18, 2012, the plaintiffs Jennifer Gurewitz, Frank Marciante, and Anthony Licata (hereinafter collectively the injured plaintiffs), employees of the third-party defendant, NASDI, LLC (hereinafter NASDI), allegedly were injured while performing construction work at the St. George Ferry Terminal in Staten Island. The injured plaintiffs were walking along the [*2]perimeter of the construction site when a temporary chain-link fence, which had been installed to protect the public from the construction site, was blown over by the wind and struck them.
At the time of the accident, the defendant third-party plaintiff City of New York, the owner of the St. George Ferry Terminal, was rehabilitating the bus ramps at the ferry terminal. The City had retained the defendant third-party plaintiff Conti of New York, LLC (hereinafter Conti), as the general contractor and project manager for the project. Conti, in turn, hired NASDI as a subcontractor to demolish and remove the existing concrete bus ramps. The City had also hired HAKS Engineers and Land Surveyors, P.C., to perform resident engineering inspection services at the site.
Gurewitz, Maricante, and Licata and his wife suing derivatively, each commenced an action against the City, the defendant third-party plaintiff New York City Department of Transportation (hereinafter together the City defendants), Conti, and the defendant HAKS Group, Inc. (hereinafter HAKS Group), to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The Labor Law § 241(6) causes of action were premised upon alleged violations of Industrial Code (12 NYCRR) §§ 23-1.7, 23-1.29, and 23-4.2. The actions were subsequently consolidated. The City defendants and Conti, who were then jointly represented by counsel, commenced a third-party action against NASDI.
In an order dated September 7, 2016, the Supreme Court, inter alia, (1) granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on their Labor Law § 240(1) causes of action insofar as asserted against the City defendants and Conti, and denied that branch of the motion which was for summary judgment on the issue of liability on those causes of action insofar as asserted against HAKS Group; (2) granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) causes of action of Gurewitz and Licata as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against the City defendants and Conti; (3) granted that branch of the cross motion of the City defendants and Conti which was for summary judgment dismissing so much of the Labor Law § 241(6) causes of action of Gurewitz and Licata as was premised upon an alleged violation of 12 NYCRR 23-1.29 insofar as asserted against them; (4) granted that branch of the cross motion of the City defendants and Conti which was for summary judgment dismissing Marciante's Labor Law § 241(6) cause of action insofar as asserted against them; and (5) denied that branch of the cross motion of the City defendants and Conti which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them (see Gurewitz v City of New York, ___ AD3d ___ [Appellate Division Docket No. 2017-01350; decided herewith]).
Thereafter, the plaintiffs moved, inter alia, to bifurcate the liability and damages phases of the trial and direct a separate damages trial for each of the three actions that were previously consolidated, to be held prior to the trial of any other issues. The City defendants cross-moved for leave to amend their answer to assert cross claims against Conti for common-law and contractual indemnification and alleging breach of a contractual provision to procure insurance. The Supreme Court, inter alia, denied that branch of the plaintiffs' motion and the City defendants' cross motion. The plaintiffs appeal, and the City defendants cross-appeal.
Under the particular circumstances of this case, the plaintiffs failed to establish that bifurcation and separate damages trials would assist in clarification or simplification of the issues or a more expeditious resolution of the action (see 22 NYCRR 202.42; Carlson v Porter, 53 AD3d 1129, 1131; Mazur v Mazur, 288 AD2d 945, 945-946; cf. Parris v New York City Tr. Auth., 140 AD3d 938, 939). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs' motion which was to bifurcate the trial and direct separate damages trials.
Turning to the City defendants' cross motion for leave to amend their answer, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" [*3](Marcum, LLP v Silva, 117 AD3d 917, 917; see CPLR 3025[b]; Bernardi v Spyratos, 79 AD3d 684, 688; Lucido v Mancuso, 49 AD3d 220, 226-227). Here, Conti demonstrated that it would be prejudiced by the late amendment because it had not conducted discovery relating to the cross claims, had relied upon the City defendants' original answer to its prejudice by forgoing independent questioning of the witnesses during depositions, and had been hindered in the preparation of its defense. Accordingly, the Supreme Court providently exercised its discretion in determining that Conti would be prejudiced by the proposed amendment on the eve of trial and in denying the City defendants' cross motion to amend their answer to assert cross claims against Conti.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court