Onewest Bank, FSB v N&R Family Trust (2021 NY Slip Op 07009)





Onewest Bank, FSB v N&R Family Trust


2021 NY Slip Op 07009


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-10111
 (Index No. 26760/10)

[*1]Onewest Bank, FSB, respondent, 
v
N & R Family Trust, et al., appellants, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for appellants and for defendant Trustees of Successor Trustees or N & R Family Trust.
Houser LLP, New York, NY (Kathleen M. Massimo and Michael C. Hughes of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants N & R Family Trust and Nachman Leifer appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 13, 2019. The order, insofar as appealed from, in effect, denied that branch of their motion, made jointly with the defendant Trustees of Successor Trustees or N & R Family Trust, which was for leave to amend the answer of the defendants N & R Family Trust and Nachman Leifer.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, denying that branch of the motion of the defendants N & R Family Trust and Nachman Leifer, made jointly with the defendant Trustees of Successor Trustees or N & R Family Trust, which was for leave to amend the answer of the defendants N & R Family Trust and Nachman Leifer to assert the affirmative defenses of failure to comply with the default notice requirements of the mortgage and the notice requirements of RPAPL 1303, 1304, and 1306, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.
The plaintiff commenced this action in 2010 to foreclose a mortgage against, among
others, the defendants N & R Family Trust, Nachman Leifer (hereinafter together the appellants), and Trustees of Successor Trustees or N & R Family Trust (hereinafter the Trustees, and collectively with the appellants, the N & R defendants). In their answer, the N & R defendants asserted several affirmative defenses, including lack of standing. On February 28, 2017, the Supreme Court ministerially dismissed the action. The plaintiff subsequently moved, inter alia, to restore the action to the active calendar, and the appellants cross-moved, inter alia, for leave to file an amended answer. The court denied the plaintiff's motion on the merits and denied the cross motion as academic. Subsequently, in an order dated February 20, 2019, the court, inter alia, restored the action to the active calendar. The appellants moved, jointly with the Trustees, inter alia, for leave to amend the appellants' answer. In an order dated June 13, 2019, the court, in effect, denied the motion.
Leave to amend or supplement a pleading is to be "freely given" (CPLR 3025[b]). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such [*2]applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see McIntosh v Ronit Realty, LLC, 181 AD3d 579). "The burden of establishing prejudice is on the party opposing the amendment" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411).
Here, that branch of the motion which was for leave to amend the appellants' answer to assert the affirmative defenses that the plaintiff failed to comply with the default notice requirement of the mortgage and the notice requirements of RPAPL 1303, 1304, and 1306 should have been granted. There was no showing of prejudice or surprise, particularly since the plaintiff expressly alleged in the complaint that it provided the statutorily required notices and submitted an affidavit attesting to its compliance with the notice requirements of the mortgage and RPAPL 1303, 1304, and 1306. Nor did the plaintiff establish that the proposed amendment was patently devoid of merit or palpably insufficient (see PennyMac Corp. v Khan, 178 AD3d 1064, 1067; Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 986).
However, contrary to the appellants' contention, the Supreme Court providently, in effect, denied that branch of the motion which was for leave to amend their answer to assert the affirmative defense of lack of standing and the remaining proposed affirmative defenses, as the proposed affirmative defense of lack of standing was already asserted in the answer, and the remaining affirmative defenses were palpably insufficient (see Reese v Jahan Contr., 120 AD3d 1399, 1400; Unger v Leviton, 25 AD3d 689, 690).
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court