*611 Following Supreme Court’s order, we stayed electronic discovery, but permitted the rest of this matrimonial action to proceed (Scaba v Scaba, 2012 NY Slip Op 63300[U] [1st Dept 2012]). It did, and it appears that defendant’s businesses provided the information sought by plaintiff in non-electronic form. Indeed, Supreme Court has concluded that discovery is complete and the matter has been referred to a referee for trial. Accordingly, since discovery is complete, there is no actual controversy for this Court to consider (see e.g. Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]).
Were we to consider the merits of the appeal, we would affirm the court’s discovery order. Defendant contends that plaintiffs motion should have been denied for her failure to comply with 22 NYCRR 202.7. However, this Court has excused compliance with that rule where, as here, any effort to resolve the dispute non-judicially would have been futile (see Baulieu v Ardsley Assoc. L.P., 84 AD3d 666 [1st Dept 2011]).
To the extent defendant argues that plaintiff was required to identify specific electronic documents that would have been responsive to her requests, plaintiff’s ability to do so was hampered by defendant’s obstructive tactics. Finally, defendant’s argument that plaintiff was required to submit, and the court promulgate, a protocol pursuant to which electronic discovery would be conducted, is unavailing. Plaintiff did request that the court direct electronic discovery to proceed in accordance with Etzion v Etzion (7 Misc 3d 940 [Sup Ct, Nassau County 2005]), and the court providently exercised its discretion in fashioning protections for defendant in the order. Concur — Tom, J.E, Andrias, Saxe, DeGrasse and ManzanetDaniels, JJ.