■ Mordechai Katz, Respondent, v Castlepoint Insurance Company et al., Appellants. [995 NYS2d 130]—

In an action to recover damages for breach of an insurance contract, the defendants appeal (1) from an order of the Supreme Court, Kings County (Solomon, J.), dated March 22, 2012, which denied their motion to compel the plaintiff to produce certain financial records, and (2), as limited by their brief, from so much of an order of the same court dated February 28, 2013, as denied their motion for leave to amend their answer.

Ordered that order dated March 22, 2012, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated February 28, 2013, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the defendants' motion for leave to amend their answer is granted.

The plaintiff alleged that the defendants issued him a homeowners insurance policy, and then breached its terms by failing to compensate him fully for damage to his Brooklyn residence (hereinafter the premises) caused by a storm on March 13, 2010. The defendants moved to compel the plaintiff to produce certain financial records, including his income tax returns. The Supreme Court denied the motion in an order dated March 22, 2012. Following substantial discovery, the defendants moved for leave to amend their answer to include various affirmative defenses related, inter alia, to the plaintiff's alleged undisclosed ownership of other properties and damage to the premises that allegedly occurred outside of the policy period. The Supreme Court denied the motion in an order dated February 28, 2013.

On appeal, the defendants contend that the Supreme Court erred in refusing to compel production of the plaintiff's tax returns. Tax returns generally are not discoverable in the absence of a strong showing that the information is indispensable to a claim or defense and cannot be obtained from other sources (see *Levine v City Med. Assoc., P.C.*, 108 AD3d 746, 747 [2013]; *Gitlin v Chirinkin*, 71 AD3d 728, 729 [2010]; *Walter Karl, Inc. v Wood*, 161 AD2d 704 [1990]). Here, the defendants failed to make such a showing. Contrary to their contention, the defendants did not make a sufficiently strong showing to warrant disclosure of the plaintiff's tax returns, such as indicia of fraud (see *Altidor v State-Wide Ins. Co.*, 22 AD3d 435, 435-436 [2005]; cf. *Dore v Allstate Indem. Co.*, 264 AD2d 804, 804-805 [1999]; *Four Aces Jewelry Corp. v Smith*, 256 AD2d 42, 42-43 [1998]). In addition, on appeal, the defendants attempt to pre-

sent fraud-related contentions that were not raised before the Supreme Court when the motion to compel was argued. Therefore, those contentions are not properly before this Court.

The defendants' contention that they are entitled to the plaintiff's tax returns in order to establish the location of his primary residence, which was raised for the first time in reply papers on a motion unrelated to the motion to compel, is not properly before this Court (*see Sahni v Kitridge Realty Co., Inc.*, 114 AD3d 837, 838 [2014]). Their further contention that they are entitled to the tax returns and other unspecified "financial records" because the complaint contains a punitive damages claim is without merit (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]).

However, the Supreme Court should have granted the defendants' motion for leave to amend their answer. Leave to amend pleadings "shall be freely given" absent prejudice or surprise resulting directly from the delay (CPLR 3025 [b]; *see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]). In addition, "[n]o evidentiary showing of merit is required under CPLR 3025 (b). The court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the plaintiff never alleged prejudice or surprise in his Supreme Court opposition papers (*see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d at 757; *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]), and the defendants' proposed affirmative defenses are neither palpably insufficient nor patently devoid of merit (*see Finkelstein v Lincoln Natl. Corp.*, 107 AD3d 759, 761 [2013]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]; *cf. Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc.*, 67 AD3d 891, 892-893 [2009]). Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendants' motion for leave to amend their answer. Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.