■ Douglas Stein, Appellant, v Ted Doukas et al., Respondents. [9 NYS3d 340]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered October 4, 2011, as denied those branches of his motion which were pursuant to CPLR 3025 (b) for leave to amend his complaint to assert certain additional causes of action, and granted the defendants' cross motion for the imposition of sanctions to the extent of awarding motion costs in the sum of $100 pursuant to CPLR 8202.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provisions thereof denying those branches of the plaintiff's motion which were pursuant to CPLR 3025 (b) for leave to amend his complaint so as to assert causes of action alleging fraud in the preparation and filing of a deed transferring the properties known as 40 Louden Avenue and 340 Broadway, designated as Section 3, Block 1, Lots 5 and 6, on the Suffolk County tax maps, from Titleist Realty to 40 Louden Avenue Corp., and fraud in the preparation and filing of a deed transferring the property known as 60 Louden Avenue, designated as Section 3, Block 1, Lot 4.7 on the Suffolk County tax maps, from Titleist Realty to 60 Louden Corp., and substituting therefor a provision granting those branches of the plaintiff's motion, and (2) by deleting the provision thereof granting the defendants' cross motion for the imposition of sanctions to the extent of awarding motion costs in the sum of $100 pursuant to CPLR 8202, and substituting therefor a provision denying the cross motion in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

CPLR 3025 (b) provides that courts may grant leave to parties to amend or supplement their pleadings. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]; *Postiglione v Castro*, 119 AD3d 920, 922 [2014]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 731-732 [2012]; *Kahan v Spira*, 88 AD3d 964, 965 [2011]; *Jablonski v Jakaitis*, 85 AD3d 969, 971 [2011]; *Truebright Co., Ltd. v Lester*, 84 AD3d 1065, 1065 [2011]; *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]). Under this standard, a party seeking leave to amend a pleading need not make an evidentiary showing of merit (*see Katz v Castlepoint Ins. Co.*, 121 AD3d at 950; *Lucido v Mancuso*, 49 AD3d at 229), and leave to amend will be granted unless such insufficiency or lack of merit is clear and free from doubt (*see Favia v Harley-Davidson Motor Co., Inc.*, 119 AD3d 836, 836 [2014]). Here, the plaintiff's proposed first amended verified complaint asserts new causes of action alleging fraud in the preparation of deeds transferring the properties known as 40 Louden Avenue and 340 Broadway, designated as Section 3, Block 1, Lots 5 and 6, on the Suffolk County tax maps, from Titleist Realty to 40 Louden Avenue Corp., and alleging fraud in the preparation and filing of a deed transferring the property known as 60 Louden Avenue, designated as Section 3, Block 1, Lot 4.7 on

the Suffolk County tax maps, from Titleist Realty to 60 Louden Corp. Those proposed causes of action are neither patently insufficient nor palpably devoid of merit. Moreover, the parties against whom those causes of action are sought to be asserted will not suffer undue prejudice or surprise resulting directly from the plaintiff's delay in seeking to amend the complaint (*see Lucido v Mancuso*, 49 AD3d at 229). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to amend the complaint to add those causes of action.

In light of the above, there is no basis for the imposition of motion costs upon the plaintiff as a sanction for making the motion for leave to amend his complaint (*see* CPLR 8202). Consequently, the Supreme Court should have denied the defendants' cross motion for the imposition of sanctions.

The parties' remaining contentions are without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.