██ Susan Calamari et al., Respondents, v Spyros N. Panos et al., Defendants, and Mid Hudson Medical Group, P.C., Appellant. [16 NYS3d 824]—

In an action to recover damages for medical malpractice, etc., the defendant Mid Hudson Medical Group, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated June 24, 2014, as granted that branch of the plaintiffs' motion which was for leave to serve an amended complaint asserting causes of action alleging negligent hiring and negligent supervision insofar as asserted against it, deeming those causes of action to have been interposed as of the time the original complaint was filed, and deeming the amended complaint served.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for leave to serve an amended complaint asserting causes of action alleging negligent hiring and negligent supervision insofar as asserted against the defendant Mid Hudson Medical Group, P.C., deeming those causes of action to have been interposed as of the time the original complaint was filed, and deeming the amended complaint served is denied.

The defendant Spyros N. Panos allegedly performed surgery on the plaintiff Susan Calamari on six occasions between 2008 and 2010. On June 26, 2012, Susan Calamari (hereinafter the plaintiff), and her husband suing derivatively, commenced this action asserting causes of action alleging medical malpractice

and lack of informed consent against Panos, Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson), and Hudson Valley Center at Saint Francis, LLC (hereinafter HVCSF). Sometime in late March 2014, the plaintiffs moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend the complaint to add causes of action against Mid Hudson and HVCSF alleging negligent hiring and negligent supervision, deeming those causes of action to have been interposed as of the date of the filing of the original complaint, and deeming the amended complaint served (*see* CPLR 203 [f]). The plaintiffs and HVCSF entered into a stipulation pursuant to which the plaintiffs withdrew their motion insofar as it related to HVCSF, HVCSF consented to the amendment of the complaint insofar as asserted against it, and HVCSF retained its right to assert that the causes of action alleged in the amended complaint were time-barred insofar as asserted against it. Mid Hudson opposed the motion. The Supreme Court granted that branch of the motion that pertained to Mid Hudson, and Mid Hudson appeals.

Pursuant to CPLR 3025 (b), leave to amend or supplement a pleading is to be "freely given" (CPLR 3025 [b]). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see Stein v Doukas*, 128 AD3d 803, 804 [2015]; *Katz v Castlepoint Ins. Co.*, 121 AD3d 948, 950 [2014]). A party seeking leave to amend a pleading need not make an evidentiary showing of merit (*see Stein v Doukas*, 128 AD3d at 804; *Lucido v Mancuso*, 49 AD3d at 229), and leave to amend will be granted unless such insufficiency or lack of merit is clear and free from doubt (*see Stein v Doukas*, 128 AD3d at 804).

Pursuant to CPLR 203 (f), claims asserted in an amended complaint are "deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203 [f]). Thus, when the nature of a newly asserted cause of action is distinct from the causes of action asserted in the original complaint, and requires different factual allegations as to the underlying conduct than were contained in the original complaint, the new claims will not "relate back" in time to the interposition of the causes of action in the original complaint (*see Jolly v Russell*, 203 AD2d 527, 528-529 [1994]; *cf. Velez v Springer*, 102 AD2d

823, 824 [1984]). Here, the Supreme Court erred in determining that the allegations in the original complaint in support of the causes of action alleging medical malpractice and lack of informed consent gave Mid Hudson notice of the "transactions, occurrences, or series of transactions or occurrences, to be proved" with respect to the claims of negligent hiring and supervision (CPLR 203 [f]; *cf. Raymond v Ryken*, 98 AD3d 1265, 1265 [2012]). The causes of action alleging medical malpractice and lack of informed consent are distinct not only as to the conduct alleged, but also as to the dates on which the conduct occurred and who engaged in it (*compare Stukas v Streiter*, 83 AD3d 18, 23 [2011], *and Tsimbler v Fell*, 123 AD3d 1009, 1010 [2014], *with Diana F. v Velez*, 126 AD3d 856, 856 [2015]). The mere reference to "negligence" in the original complaint did not give Mid Hudson notice of the transactions, occurrences, or series of transactions or occurrences, to be proved with respect to the proposed causes of action alleging negligent hiring and negligent supervision. Thus, those proposed causes of action could not be deemed to relate back to the interposition of the causes of action in the original complaint (*see Jolly v Russell*, 203 AD2d at 528-529).

The statute of limitations applicable to causes of action alleging negligent hiring and negligent supervision is three years (*see* CPLR 214 [5]). In the absence of "relation back" under CPLR 203 (f), the negligent supervision and negligent hiring causes of action are deemed to have been interposed in March 2014, when the plaintiffs made their successful motion for leave to amend the complaint and served the proposed amended complaint with it (*see Vastola v Maer*, 48 AD2d 561, 565 [1975], *affd* 39 NY2d 1019 [1976]). The motion was made more than three years after the last date on which the plaintiff allegedly was a patient of Panos. Thus, as Mid Hudson contends, the plaintiffs' proposed additional causes of action accrued outside the three-year statute of limitations. Nonetheless, the plaintiffs argue that Mid Hudson should be estopped from asserting the defense of the statute of limitations because employees of Mid Hudson misrepresented both the procedures that Panos had performed and the plaintiff's medical condition, and thereby prevented them from timely asserting their causes of action alleging negligent hiring and negligent supervision (*see Ducillo v Hudson Val. at St. Francis, LLC*, 128 AD3d 885, 886 [2015]). The plaintiffs presented an affidavit from the plaintiff alleging these misrepresentations. In light of the fact, however, that the plaintiffs commenced this action on June 26, 2012, it is clear that any such misrepresentations were no longer operative as of at least that date and, thus, did not prevent the plaintiffs

from timely asserting causes of action that arose within the three-year period before that date, or June 26, 2009 (*see Simcuski v Saeli*, 44 NY2d 442, 449-450 [1978]; *Country World v Imperial Frozen Foods Co.*, 186 AD2d 781, 782 [1992]). Accordingly, as a matter of law, Mid Hudson cannot be estopped from asserting the statute of limitations as a defense with respect to any causes of action alleging negligent hiring and negligent supervision that accrued within three years before the date this action was commenced, and the Supreme Court erred in holding otherwise (*see Zumpano v Quinn*, 6 NY3d 666, 674 [2006]). Further, the plaintiffs have not alleged facts that, if true, would establish that they were duly diligent in asserting their causes of action alleging negligent hiring and negligent supervision with respect to the period before June 26, 2009. Specifically, the plaintiffs have not alleged facts that would excuse the 21-month delay between the commencement of the action in June 2012, when Mid Hudson's alleged misrepresentations no longer prevented them from asserting their causes of action, and their making of the motion to amend their complaint in March 2014. In light of the plaintiffs' failure to allege the due diligence element of equitable estoppel (*see Simcuski v Saeli*, 44 NY2d at 450; *Hoffman v Hoffman*, 162 AD2d 249, 249 [1990]), that doctrine is not applicable to the causes of action alleging negligent hiring and negligent supervision for which the statute of limitations expired while the alleged misrepresentations of Mid Hudson were operative.

In sum, because the plaintiffs' proposed causes of action alleging negligent hiring and negligent supervision are time-barred, and thus palpably insufficient, the Supreme Court should have denied the plaintiffs' motion pursuant to CPLR 3025 (b) to amend their complaint (*see Hustedt Chevrolet, Inc. v Jones, Little & Co.*, 129 AD3d 669 [2015]; *cf. Marcum, LLP v Silva*, 117 AD3d 917, 918 [2014]; *Bergman v Indemnity Ins. Co. of N. Am.*, 275 AD2d 675, 676 [2000]). Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.