In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated April 1, 2016, as granted that branch of the plaintiffs motion which was for leave to amend the complaint to add a cause of action to recover damages for wrongful death.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In July 2007, Hugh Assevero (hereinafter the decedent) allegedly was injured when he fell from a ladder while working on a renovation project at a building owned by the defendant. According to the decedent’s account, an unsecured extension ladder shifted as he was descending, which caused him to fall from the third floor of the building to the basement.
 

 In December 2008, the decedent commenced this action to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240 (1) and 241 (6). After depositions were completed, the decedent moved for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1). The defendant cross-moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), based on the homeowner’s exemption from liability (see generally Rossi v Flying Horse Farm, Inc., 131 AD3d 1033, 1035 [2015]).
 

 In an order dated April 27, 2012, the Supreme Court granted those branches of the defendant’s cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and denied the decedent’s motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1). The decedent appealed.
 

 The decedent died on June 24, 2012, during the pendency of the appeal. This Court substituted the administrator of his estate, Lucy Assevero, as the plaintiff in this action. Thereafter, in a decision and order dated August 19, 2015, this Court modified the order dated April 27, 2012, and denied those branches of the defendant’s cross motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action, concluding that the defendant failed to make a prima facie showing that the subject building qualified as a two-family dwelling entitled to the protection of the homeowner’s exemption (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 554-557 [2015]).
 

 On November 20, 2015, approximately three months after this Court issued its decision and order on the prior appeal, the plaintiff moved in the Supreme Court, inter alia, for leave to amend the complaint to add a cause of action to recover damages for wrongful death, based on allegations that the decedent died because he overused pain medication prescribed for injuries resulting from his fall from the ladder. In support of her motion, the plaintiff submitted the decedent’s death certificate and an autopsy report from the Office of the Chief Medical Examiner. The autopsy report indicated that the cause of the decedent’s death was “acute intoxication due to the combined effects of fentanyl, benzodiazepines, lidocaine and cyclobenzaprine,” and that the manner of death was “misuse of prescription medication.” The proposed wrongful death cause of action was based, in part, on allegations that the decedent died as a result of “complications of treatment for pain resulting from” the construction accident and that the plaintiff sustained pecuniary damages.
 

 The Supreme Court granted that branch of the plaintiff’s motion which was for leave to amend the complaint. The defendant appeals, arguing that the court should not have permitted the plaintiff to amend the complaint to add a wrongful death cause of action. We affirm insofar as appealed from.
 

 Generally, leave to amend a pleading should be freely given when there is no significant prejudice or surprise to the opposing party and where the evidence submitted in support of the motion indicates that the proposed amendment may have merit (see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; TIA of N.Y, Inc. v I.J. Litwak Realty 1, LLC, 142 AD3d 606, 607 [2016]; Hothan v Mercy Med. Ctr., 105 AD3d 905, 906 [2013]). “[A] party seeking leave to amend a pleading need not make an evidentiary showing of merit, and leave to amend will be granted unless such insufficiency or lack of merit is clear and free from doubt” (Stein v Doukas, 128 AD3d 803, 805 [2015] [citations omitted]; see Calamari v Panos, 131 AD3d 1088, 1089 [2015]; Lucido v Mancuso, 49 AD3d 220, 229 [2008]). Whether to allow an amendment is generally committed to the court’s sound discretion (see Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Castagne v Barouh, 249 AD2d 257, 257 [1998]).
 

 Here, in light of the fact that the decedent died during the pendency of his appeal and that this Court’s decision and order on that appeal reinstated the plaintiff’s causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), the defendant failed to demonstrate surprise or prejudice resulting from the delay in asserting the wrongful death cause of action against it (see Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Lucido v Mancuso, 49 AD3d at 232). Moreover, the proposed amendment is neither palpably insufficient nor patently devoid of merit (see Hothan v Mercy Med. Ctr., 105 AD3d at 906; Lucido v Mancuso, 49 AD3d at 232).
 

 Contrary to the defendant’s contention, the Supreme Court properly concluded that the wrongful death cause of action was timely under the relation-back doctrine (see Caffaro v Trayna, 35 NY2d 245 [1974]; Moezinia v Ashkenazi, 136 AD3d 990, 992 [2016]; Velez v Springer, 102 AD2d 823, 823 [1984]; see also Vastola v Maer, 39 NY2d 1019, 1021 [1976]).
 

 Accordingly, the Supreme Court properly granted that branch of the plaintiff’s motion which was for leave to amend the complaint to add a cause of action to recover damages for wrongful death.
 

 Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.