Crescimanni v Trovato (2018 NY Slip Op 04529)





Crescimanni v Trovato


2018 NY Slip Op 04529


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-04470
2016-02494
 (Index No. 11634/13)

[*1]Matthew Crescimanni, appellant, 
v
Antoinette Trovato, etc., respondent.


Lawrence B. Goldberg, P.C., New York, NY, for appellant.
Cullen & Dykman LLP, Garden City, NY (Jocelyn E. Lupetin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for unjust enrichment, the plaintiff appeals from two orders of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered March 31, 2015, and February 24, 2016, respectively. The order entered March 31, 2015, denied the plaintiff's motion for leave to amend the complaint. The order entered February 24, 2016, denied the plaintiff's motion for leave to reargue and/or renew his prior motion and granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order entered March 31, 2015, is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered February 24, 2016, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 24, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
Emjay Environmental Recycling, Ltd. (hereinafter Emjay), was a corporation owned 60% by John Kelly and 40% by Michael Cholowsky. Pursuant to a shareholders' agreement, neither shareholder could sell his shares without first offering them to the corporation or to the other shareholder. According to the plaintiff, Kelly sought to sell his shares of Emjay, and Cholowsky entered into an oral agreement with the plaintiff and Tim Fulton, pursuant to which Cholowsky was to acquire Kelly's shares, and then convey 10% of those shares to the plaintiff and 40% to Fulton. Allegedly, in exchange for their shares, the plaintiff and Fulton orally agreed to fund Cholowsky's purchase of Kelly's shares. Kelly and Cholowsky then entered into an Agreement of Sale, pursuant to which Kelly agreed to sell his shares to Cholowsky. The Agreement of Sale named the plaintiff and Fulton as guarantors of Cholowsky's obligations thereunder. The plaintiff alleges that he initially paid Kelly $250,000 and later paid Kelly another $500,000 for the 10% of Emjay shares he was to receive. According to the plaintiff, Kelly then "had second thoughts" about the agreement, [*2]returned $275,000 to the plaintiff, and threatened to declare the agreement in default. The plaintiff never received any shares of Emjay or any additional money back.
Thereafter, Cholowsky entered into an agreement with Salvatore Trovato (hereinafter Trovato), which called for Trovato to pay $2,650,000 for 50% of Emjay as well as two other companies owned by Cholowsky. That deal was consummated and Trovato became the 50% owner in each of the three companies. Trovato later passed away and his ownership interest passed to his estate. The plaintiff commenced this action against Antoinette Trovato, who was the administrator of Trovato's estate, seeking a return of the remaining $475,000 he had paid to Kelly, alleging, inter alia, that Trovato was unjustly enriched by the plaintiff's payments to Kelly since Trovato paid less for Emjay as a result of the payments that the plaintiff had made.
The plaintiff moved for leave to amend the complaint to add Trovato's main business, Trocom Construction Corp., as a defendant since it was allegedly the alter ago of Trovato and it provided the money to purchase Emjay. In an order entered March 31, 2015, the Supreme Court denied the motion, finding that the proposed amendment was patently devoid of merit, as there was no alleged relationship between the plaintiff and Trovato upon which an unjust enrichment cause of action could be based. The plaintiff appeals from that order.
Thereafter, the plaintiff moved for leave to reargue and/or renew his prior motion. The defendant moved for summary judgment dismissing the complaint. In an order entered February 24, 2016, the Supreme Court denied the plaintiff's motion and granted the defendant's motion. The plaintiff appeals from the February 24, 2016, order as well.
We agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint. To recover for unjust enrichment, a plaintiff must show that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182; J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d 976, 977). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182, citing Sperry v Crompton Corp., 8 NY3d 204, 215; see J.P. Plumbing Corp. v Born to Build Constr. Corp., 137 AD3d at 977). The relationship must be one that could have caused reliance or inducement (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182; Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408-409, affd 19 NY3d 511). Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff and Trovato did not have a relationship that could have caused reliance or inducement on the plaintiff's part. In opposition, the plaintiff failed to raise a triable issue of fact.
Furthermore, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend the complaint. Generally, leave to amend a pleading should be freely given when there is no significant prejudice or surprise to the opposing party and where the evidence submitted in support of the motion indicates that the proposed amendment may have merit (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Assevero v Hamilton & Church Props., LLC, 154 AD3d 728, 729-730). "[A] party seeking leave to amend a pleading need not make an evidentiary showing of merit, and leave to amend will be granted unless such insufficiency or lack of merit is clear and free from doubt" (Assevero v Hamilton & Church Propes., LLC, 154 AD3d at 729 [internal quotation marks omitted]; see Stein v Doukas, 128 AD3d 803, 805). The decision whether to allow an amendment is generally committed to the court's sound discretion (see Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Assevero v Hamilton & Church Props., LLC, 154 AD3d at 730). Here, the proposed amendment to the complaint was patently devoid of merit, as the plaintiff did not allege a relationship upon which an unjust enrichment cause of action could be based.
The denial of that branch of the plaintiff's motion which was for leave to reargue his prior motion is not appealable (see George v Yoma Dev. Group, Inc., 83 AD3d 776, 776).
The plaintiff's remaining contention is without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court