Watkins-Bey v MTA Bus Co. (2019 NY Slip Op 05433)





Watkins-Bey v MTA Bus Co.


2019 NY Slip Op 05433


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-04506
2017-13272
 (Index No. 707763/16)

[*1]Steven Dethven Watkins-Bey, etc., respondent, City of New York, et al., defendants, 
v
MTA Bus Company, appellant.


Armienti, DeBellis, Guglielmo & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellant.
Daniella Levi & Associates, P.C., Fresh Meadows, NY (Steven L. Sonkin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant MTA Bus Company appeals from (1) an order of the Supreme Court, Queens County (Howard G. Lane, J.), dated March 20, 2017, and (2) an order of the same court dated October 20, 2017. The order dated March 20, 2017, granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add MTA Bus Company as a defendant. The order dated October 20, 2017, granted that branch of the motion of the defendants MTA Bus Company, New York City Transit Authority, and Metropolitan Transportation Authority which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against the defendant MTA Bus Company only to the extent of directing a hearing to determine the propriety of service of the amended summons and complaint.
ORDERED that the order dated March 20, 2017, is reversed, on the law, and the plaintiff's motion for leave to amend the complaint to add MTA Bus Company as a defendant is denied; and it is further,
ORDERED that the appeal from the order dated October 20, 2017, is dismissed, as no appeal lies as of right from an order directing a hearing to aid in the determination of a motion (see CPLR 5701[a][2]; Shatara v Ephraim, 137 AD3d 1244, 1246; Zoref v Glassman, 44 AD3d 1036; Rosen v Swarzman, 296 AD2d 392, 393), and we decline to grant leave to appeal, as the appeal from the order dated October 20, 2017, has been rendered academic in light of our determination on the appeal from the order dated March 20, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendant MTA Bus Company.
In or around June 2016, the plaintiff commenced this action against the City of New York, Consolidated Edison Company of New York, Transit Wireless, LLC, the New York City Transit Authority, the Metropolitan Transportation Authority, and John Doe, to recover damages for personal injuries he allegedly sustained on June 1, 2015, while riding a public bus. In November 2016, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add MTA [*2]Bus Company as a defendant. The plaintiff asserted that MTA Bus Company owned the bus on which he was a passenger, and that he had failed to name MTA Bus Company in the complaint due to a "clerical error." In opposition, MTA Bus Company argued, inter alia, that the plaintiff's proposed causes of action against it were time-barred. By order dated March 20, 2017, the Supreme Court granted the plaintiff's motion.
In June 2017, MTA Bus Company, New York City Transit Authority, and Metropolitan Transit Authority moved pursuant to CPLR 3211(a)(5) and (8) to dismiss the amended complaint insofar as asserted against MTA Bus Company, arguing that the causes of action asserted against it were time-barred and that the plaintiff failed to properly serve it with the amended summons and complaint. In opposition, the plaintiff argued, among other things, that the amended complaint should be deemed timely under the relation-back doctrine because, inter alia, MTA Bus Company and the Metropolitan Transportation Authority were united in interest. By order dated October 20, 2017, the Supreme Court granted the motion to the extent of directing a hearing to determine the propriety of service of the amended summons and complaint. The court stated that the "remaining requests" in the motion "shall be determined upon resolution of the traverse hearing." MTA Bus Company appeals from the orders dated March 20, 2017, and October 20, 2017.
Pursuant to CPLR 3025(b), leave to amend or supplement a pleading is to be "freely given." "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see Stein v Doukas, 128 AD3d 803, 804; Katz v Castlepoint Ins. Co., 121 AD3d 948, 950). A party seeking leave to amend a pleading need not make an evidentiary showing of merit (see Stein v Doukas, 128 AD3d at 804; Lucido v Mancuso, 49 AD3d at 229), and leave to amend will be granted unless such insufficiency or lack of merit is clear and free from doubt (see Stein v Doukas, 128 AD3d at 804).
Here, MTA Bus Company contends that the plaintiff's proposed amendment to the complaint, adding it as a defendant, was palpably insufficient and patently devoid of merit because the proposed causes of action asserted against it were time-barred. An action founded on tort, except an action for wrongful death, against MTA Bus Company, a subsidiary corporation of the Metropolitan Transportation Authority, "shall not be commenced more than one year and ninety days after the cause of action therefor shall have accrued" (Public Authorities Law § 1276[2]). The statute of limitations began to run on June 1, 2015, when the alleged incident occurred, and the plaintiff did not seek leave to amend the complaint to add MTA Bus Company as a defendant until November 2016, more than 1 year and 90 days later. The plaintiff's contention that the proposed causes of action against MTA Bus Company related back to the causes of action asserted in the original complaint against the Metropolitan Transportation Authority is without merit (see Rampersaud v Metropolitan Transp. Auth. of State of N.Y., 73 AD3d 888).
Thus, the plaintiff's proposed causes of action against MTA Bus Company were time-barred, and the Supreme Court should have denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint (see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc., 161 AD3d 1263, 1266; Calamari v Panos, 131 AD3d 1088, 1091; Hustedt Chevrolet, Inc. v Jones, Little & Co., 129 AD3d 669, 670; Marcum, LLP v Silva, 117 AD3d 917, 918; Jenal v Brown, 80 AD3d 727, 728).
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court