Nill v Gaco W., LLC (2022 NY Slip Op 02131)





Nill v Gaco W., LLC


2022 NY Slip Op 02131


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-05107
 (Index No. 602078/18)

[*1]Lance D. Nill, etc., appellant, 
v
Gaco Western, LLC, et al., defendants, ACR Management & Construction, et al., respondents (and a third-party action).


Richard Todd Hunter, Sagaponack, NY, for appellant.
Jakubowski, Robertson, Maffei, Goldsmith & Tartaglia, LLP, Saint James, NY (James J. Herz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 15, 2020. The order denied that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel the defendants ACR Management & Construction and Alfred Roebuck to comply with certain discovery demands.
ORDERED that the order is affirmed, with costs.
In February 2016, Gary Nill (hereinafter the decedent) died from lung cancer attributable to the inhalation of silica. In March 2018, Lance D. Nill, as administrator of the decedent's estate (hereinafter the plaintiff), commenced this action, inter alia, to recover damages for personal injuries and wrongful death, alleging, among other things, that the decedent was not provided with a respirator while applying a silicone coating in connection with a roofing project, resulting in his inhalation of airborne silicone. The plaintiff asserted, among other things, a cause of action alleging a violation of Labor Law § 241(6) against, among others, the defendants ACR Management & Construction and its principal, Alfred Roebuck (hereinafter together the defendants). The defendants allegedly served as general contractor for the project or as agent of the defendant property owners.
Thereafter, the plaintiff served combined discovery demands and supplemental discovery demands on the defendants seeking, among other things, the defendants' tax returns, phone records, and documents pertaining to nonparty Paro Management Co., Inc. (hereinafter Paro), which allegedly had made payments to the defendants on behalf of the defendant property owners. Following the defendants' objections to some of the discovery demands, the plaintiff moved, inter alia, pursuant to CPLR 3124 to compel the defendants to comply with certain discovery demands. In an order dated May 15, 2020, the Supreme Court denied that branch of the plaintiff's motion which was to compel compliance with the discovery demands. The plaintiff appeals.
Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "Although the discovery statutes are to be construed 'liberally' so that there should be disclosure of any material [*2]that is even arguably relevant, unlimited disclosure is not required, and supervision of disclosure is generally left to the Supreme Court's broad discretion" (McMahon v Manners, 158 AD3d 616, 617 [citations and internal quotation marks omitted]; see Levine v City Med. Assoc., P.C., 108 AD3d 746, 747). "The essential test is 'usefulness and reason'" (McMahon v Manners, 158 AD3d at 617, quoting Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 746).
Due to the "confidential and private nature" of tax returns (Roth v American Colonial Ins. Co., 159 AD2d 370, 370), "[t]ax returns generally are not discoverable in the absence of a strong showing that the information is indispensable to a claim or defense and cannot be obtained from other sources" (Katz v Castlepoint Ins. Co., 121 AD3d 948, 949; see Levine v City Med. Assoc., P.C., 108 AD3d at 747). Here, the plaintiff failed to make the requisite showing, since the plaintiff did not establish that information in the tax returns was indispensable to the Labor Law claim and could not be obtained from other sources (see Katz v Castlepoint Ins. Co., 121 AD3d at 949; Gitlin v Chirinkin, 71 AD3d 728; Benfeld v Fleming Props., LLC, 44 AD3d 599, 600; Muller v Sorensen, 138 AD2d 683, 684).
Further, the plaintiff failed to establish that his broad demands for phone records and for documents pertaining to Paro would result in the disclosure of relevant evidence or were reasonably calculated to lead to the discovery of information bearing on the Labor Law claim (see Brennan v Demydyuk, 196 AD3d 1113, 1115; Vyas v Campbell, 4 AD3d 417, 418; Latture v Smith, 304 AD2d 534, 536).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the defendants to comply with discovery demands.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court