Moran v Grand Slam Ventures, LLC (2023 NY Slip Op 06133)

Moran v Grand Slam Ventures, LLC

2023 NY Slip Op 06133

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-07308
 (Index No. 1052/19)

[*1]James Moran, appellant, 
v
Grand Slam Ventures, LLC, et al., respondents, et al., defendants. James Moran, Bethpage, NY, appellant pro se.

Siebel & Reiner, LLP, New York, NY (Richard H. Del Valle of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to set aside an allegedly fraudulent conveyance, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered September 2, 2021. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendants Grand Slam Ventures, LLC, Jon Steinberg, Glenn A. Reiner, and JG Real Estate Ventures, LLC or, in the alternative, to preclude those defendants from offering certain evidence, and granted the cross-motion of those defendants pursuant to CPLR 3103(a) for a protective order to the extent of limiting disclosure to certain items and further limiting disclosure with respect to certain items to the period from 2012 through 2014.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2019, the plaintiff commenced the instant action, alleging that the conveyance by the defendant Grand Slam Ventures, LLC (hereinafter Grand Slam), of certain real property to the defendant JG Real Estate Ventures, LLC (hereinafter JG), on September 13, 2013, was a fraudulent conveyance. The plaintiff also seeks to pierce the corporate veil of Grand Slam and JG, on the ground that the defendants Jon Steinberg and Glenn A. Reiner (hereinafter together the individual defendants) retained control of the subject property. The individual defendants, Grand Slam, and JG (hereinafter collectively the defendants) served an answer.
On November 6, 2019, the plaintiff served the individual defendants with notices to take their depositions on December 2, 2019, and to bring Grand Slam's tax returns and bank statements for the years from 2012 to date. On December 6, 2019, they were served with a demand for discovery and inspection, and with interrogatories. The deadline for compliance was extended until January 17, 2020, and again until February 3, 2020. The plaintiff alleges that on February 7, 2020, the plaintiff, who is an attorney, telephoned the defendants' attorney and was informed that the defendants' attorney had no idea when the defendants would comply. By order to show cause dated February 11, 2020, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer, or in the alternative, for an order of preclusion. The defendants cross-moved pursuant to CPLR 3103(a) for a protective order. The Supreme Court, in the order appealed from, denied the plaintiff's motion and granted the defendants' cross-motion to the extent of granting a protective order limiting disclosure to certain items and further limiting disclosure with respect to certain items [*2]to the period from 2012 through 2014. The plaintiff appeals.
The plaintiff contends that the defendants' cross-motion for a protective order was procedurally improper because no affirmation pursuant 22 NYCRR 202.7(a) was submitted that a good faith effort was made to resolve the discovery dispute, and the motion was untimely, because it was not brought within 20 days of the discovery demand (see CPLR 3122[a][1]; 3133[a]). In this case it was apparent that efforts to resolve the issue without the aid of the court would have been futile; therefore, the defendants' failure to comply with 22 NYCRR 202.7(a) could be excused (see Scaba v Scaba, 99 AD3d 610, 611). Since the discovery dispute could not be resolved without court intervention, there was good cause for the failure to confer with opposing counsel prior to making the cross-motion (see Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1484).
"A defendant's failure to make a timely challenge to a plaintiff's document demand . . . forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper" (Recine v City of New York, 156 AD3d 836, 836). However, the Supreme Court nevertheless is "entitled to determine whether the plaintiffs' disclosure demands were palpably improper" (Harris v City of New York, 211 AD2d 663, 664). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper. Discovery demands are palpably improper where they seek irrelevant information, are overbroad and burdensome . . . or fail to specify with reasonable particularity many of the documents requested" (U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 728 [citation and internal quotation marks omitted]).
The discovery demands in issue here were burdensome and oppressive, and therefore palpably improper. Since the allegedly fraudulent conveyance occurred in 2013, it was appropriate to limit disclosure of certain financial information to the period from 2012 through 2014. Further, "[t]ax returns generally are not discoverable in the absence of a strong showing that the information is indispensable to a claim or defense and cannot be obtained from other sources" (Katz v Castlepoint Ins. Co., 121 AD3d 948, 949; see Nill v Gaco W., LLC, 203 AD3d 1173, 1174-1175). The plaintiff failed to make that showing here. Therefore, it was appropriate to strike the demands for tax returns.
The Supreme Court properly denied the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer or, in the alternative, for an order of preclusion, since there was no prior court order requiring disclosure, and the plaintiff failed to demonstrate that the defendants' failure to comply with the discovery demands was "'clearly wilful and contumacious'" (Rivera v Caban, 214 AD3d 832, 833, quoting Johnson v Ortiz Transp., LLC, 205 AD3d 699, 700).
The plaintiff's remaining contentions are without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court