Preferred Westchester Props., Inc. v Fay Realty, LLC (2024 NY Slip Op 01943)

Preferred Westchester Props., Inc. v Fay Realty, LLC

2024 NY Slip Op 01943

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-01593
 (Index No. 67449/18)

[*1]Preferred Westchester Properties, Inc., appellant,
v
Fay Realty, LLC, et al., respondents, et al., defendants.

James G. Dibbini & Associates, P.C., Yonkers, NY (Kunal S. Yadav of counsel), for appellant.
Marks DiPalermo Wilson PLLC, White Plains, NY (Kristen Kelly Wilson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for injury to real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated February 28, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer of the defendants Fay Realty, LLC, and Norman Mirsly and to preclude those defendants from offering evidence at trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for injury to its property resulting from the defendants' alleged illegal discharge, release, and disposal of hazardous chemicals into the air and soil. The plaintiff moved, among other things, pursuant to CPLR 3126 to strike the answer of the defendants Fay Realty, LLC, and Norman Mirsly (hereinafter together the Fay Realty defendants) or to preclude them from offering evidence at trial, arguing that those defendants failed to comply with their discovery obligations. The Fay Realty defendants opposed the motion, arguing that they had complied with the plaintiff's discovery demands. In an order dated February 28, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Ewa v City of New York, 186 AD3d 1195, 1195-1196 [internal quotations marks omitted]; see Marino v Armogan, 179 AD3d 664, 666). Although striking a pleading is a permissible remedy for discovery violations (see CPLR 3126[3]; Ewa v City of New York, 186 AD3d at 1196), "[b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910 [internal quotation marks omitted]; see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 188 AD3d 1279, 1280).
Here, there was insufficient evidence to establish that the Fay Realty defendants failed [*2]to comply with their discovery obligations. Moreover, contrary to the plaintiff's contentions, it failed to demonstrate an entitlement to the demanded bank statements and tax returns (see Nill v Gaco W., LLC, 203 AD3d 1173, 1174-1175; Katz v Castlepoint Ins. Co., 121 AD3d 948, 949-950).
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to strike the Fay Realty defendants' answer and to preclude them from offering evidence at trial.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court