| |
|---|
| **People v Triller Fight Club LLC** |
| 2025 NY Slip Op 30749(U) |
| March 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 656434/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |
| | *Justice* | | |

------------------------------------------------------------------------------X

OLSHAN FROME WOLOSKY LLP,

                Plaintiff,

          - v -

TRILLER FIGHT CLUB LLC, PROXIMA EVENT
PRODUCTIONS, LLC,

                Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656434/2023 |
| **MOTION DATE** | 02/28/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24

were read on this motion to/for                 DISCOVERY               .

Plaintiff's motion to compel is decided as described below.

**Background**

In this legal fees action, plaintiff contends that it served defendants with document requests dated November 18, 2024 and that defendants failed to produce any documents or respond in any way to this demand. Plaintiff observes that it granted defendants an extension of time to respond and that it asked defendants to select a date for defendants' depositions but that defendants have not done anything to complete this discovery.

In opposition, defendants contend that the instant motion is premature. They point out that the parties entered into a preliminary conference order on November 7, 2024 that required all depositions to be completed by May 7, 2025 and that this order "does not provide a deadline for service of responses to discovery demands" (NYSCEF Doc. No. 20). Defendants argue that

**656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL**
**Motion No.  001**

**Page 1 of 4**

plaintiff extended defendants' time to answer these demands to December 16, 2024 and also contend that plaintiff has not responded to defendants' discovery requests.

In reply, plaintiff argues that it has, in fact, served responses to defendants' discovery requests and includes a copy of the response dated prior to the date of defendants' opposition. It emphasizes that defendants have not served any responses to plaintiff's discovery demands.

**Discussion**

The Court is baffled by defendants' response to the instant motion. Defendants do not deny that they were served with plaintiff's discovery demand (NYSCEF Doc. No. 15). Instead, they bizarrely assert that the preliminary conference order "does not provide a deadline for service of responses to discovery demands" (NYSCEF Doc. No. 20). Of course, that assertion is utterly frivolous.  The discovery demand itself plainly requires defendants to respond within 20 days (NYSCEF Doc. No. 15) and defendants acknowledge that plaintiff gave them an extension of time to respond. Plus, under this theory defendants would never have a deadline for any discovery demand in this action – or ever. Even more concerning is that, for some wholly unexplained reason, defendants have not bothered to respond to this document request as of March 3, 2025 (at least on this record). No reason is offered for this blatant and willful refusal to respond to a legitimate discovery request.

It is often the case that responding to a request such as the one at issue here, which seeks documents, will involve a rolling production of documents.  But here defendants did not even respond with any possible objections—they have just ignored this document request.  And they further decided not to do anything after plaintiff made a motion about this issue. Defendants' intransigence is wholly inappropriate.

**656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL**      **Page 2 of 4**
**Motion No.  001**

2 of 4

The Court grants the branch of the motion that seeks to compel defendants to substantively respond to plaintiff's demand (NYSCEF Doc. No. 15) on or before March 19, 2025. Of course, because defendants did not timely respond they cannot raise any objections, except for objections based on privilege or that a request is palpably improper (*Moran v Grand Slam Ventures, LLC*, 221 AD3d 994, 996, 202 NYS3d 141 [2d Dept 2023]). If defendants fail to respond, nothing prevents plaintiff from making a proper motion (such as to strike the answer).

Plaintiff also wants a deposition of a "duly prepared and knowledgeable corporate designee." That request is granted and this deposition shall take place on or before April 9, 2025.

The final issue in this motion is plaintiff's request in reply for a sanctions award. Plaintiff is understandably frustrated by the laissez-faire opposition offered by defendants. This Court is deeply concerned with defendants' conduct in the context of this motion. To reiterate, plaintiff served a discovery request following the preliminary conference. Plaintiff then gave defendants an extension of time to respond and yet defendants refused to respond. Next, plaintiff brought a motion, and defendants still did not respond to the discovery request. Nor did they offer a reason for why they have not yet responded except for a frivolous and peculiar argument that there are no deadlines for discovery demands. Defendants did not move for a protective order with respect to this request or cite some reasonable excuse for the delay. That leaves this Court with a valid discovery request that defendants have, on this record, intentionally decided to ignore.

Nevertheless, the Court is unable to award sanctions as it is axiomatic that a party facing sanctions must be afforded an opportunity to respond and plaintiff's request was raised for the first time in reply. Therefore, the Court is compelled to deny the request for sanctions at this time. However, plaintiff is absolutely free to move for sanctions based on the conduct described above. Such a motion would give defendants a chance to address these concerning issues. In the

**656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL**          **Page 3 of 4**
**Motion No.  001**

[* 3]

3 of 4

meantime, defendants are well advised to abide by this order, provide the discovery, case playing games and litigate the case properly.

Accordingly, it is hereby

ORDERED that plaintiff's discovery motion is granted to the extent that defendants must respond to the outstanding discovery demand on or before March 19, 2025 and defendants must produce a corporate designee for a deposition on or before April 9, 2025.

See NYSCEF Doc. No. 10 regarding the next conference.

| | 3/4/2025 | | | |
|---|---|---|---|---|
| | **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656434/2023   OLSHAN FROME WOLOSKY LLP vs. TRILLER FIGHT CLUB LLC ET AL**          **Page 4 of 4**
**Motion No.  001**

4 of 4